IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORTEZ D. GILLUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-546-SMY-PMF |
| | ) |
| RICHARD WATSON, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are defendants' motions for partial summary judgment (Doc. No. 35, 36). Plaintiff Cortez Gillum is challenging the conditions of his former confinement at the St. Clair County Jail, alleging that he was subjected to cruel and unusual punishment when defendant Trice deprived him of sufficient opportunity for physical exercise (Count 2) and when defendants Trice, McLaurin, and Robinson-Davis deprived him of a special diet (Count 4). Both motions seek judgment on the affirmative defense of failure to exhaust administrative remedies. Those defenses were raised in the pleadings on file (Doc. Nos. 22, 23). The motions are opposed (Doc. No. 41). An evidentiary hearing was held on April 13, 2015. At the hearing, the Court obtained information to assess credibility and make findings regarding the administrative remedy procedures available to Gillum at the St. Clair County Jail as well as his efforts to comply with those procedures. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Detainees who wish to challenge aspects of their jail confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be proved by the defendant. *Pavey v. Conley*, 544 F.3d

739, 740-41 (7th Cir. 2008). The St. Clair County jail's procedural rules establish the contours of the requirement. See *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, in order to exhaust, a detainee must file a grievance and appeal in the place and at the time the jail's rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give jail administrators an opportunity to address a concern. *Jones*, 549 U.S. at 218.

The grievance procedure at the St. Clair County jail is best understood as a 3-step process.[1] Before initiating the formal grievance process, the detainee must provide the Captain with a "Captain's Request." This is done using a form entitled "St. Clair County Sheriff's Department Request – Complaint Form." These forms have four sections for the detainee to describe his request and for the officer, supervisor, and administrator to describe their actions. If the request is not resolved via action on the Captain's Request, the detainee submits a formal grievance to the shift supervisor. This second step is initiated with a form titled "Detainee Grievance Form." Those forms have 3 sections: a space for the detainee to describe the nature of his grievance, a space for a description of the action/response, and a space for signatures by the detainee and the shift supervisor. That grievance is to be resolved by the immediate supervisor within 3 days. The third and final step is for the detainee to submit the same grievance form to the assistant jail superintendent through the on-duty shift supervisor. Those grievances require a response by the assistant superintendent and review by the jail superintendent. The jail

---

[1] A handbook describing "Detainee Rules and Regulations" refers to Step 1 and Step 2. A note clarifies that there is a mandatory preliminary step (Doc. No. 35-1, p. 9). Hence, in practical terms, there are 3 steps in the administrative remedy process.

superintendent's decision is the final resolution. Throughout his detention, Gillum had access to the necessary forms and understood the procedure. The jail maintains grievance records, which have been submitted and reviewed.

On September 17, 2013, Gillum submitted a "Detainee Grievance Form" to the shift supervisor (Doc. No. 41, pp. 18-20). In that formal grievance, he complained that he had been deprived of an opportunity to go to the gym for physical exercise (as described in Count 2) and that he had not received the special diet he requested (as described in Count 4) from Dr. Larson and others. On the same day, a shift supervisor signed the grievance and sent a copy to a nurse (Doc. No. 41, p. 18).

Early in October, 2013, Gillum grew weary of waiting for a response. He kicked the bars of his cell, which drew the attention of defendant Trice. Gillum verbally discussed his concerns with Trice. At approximately the same time, someone provided Gillum with a copy of the September 17, 2013, grievance form and explained that he needed to go back and start at the first step by turning in a captain's request.

On October 16, 2013, Gillum handed one "Request-Complaint" form to defendant McClaurin. He handed a duplicate of this "Request-Complaint" form to defendant Trice (Doc. Nos. 35-2, pp. 24-26). Neither form describes the events alleged in this litigation. Rather, both pertain to Gillum's interest in being reassigned to a different location.

At the evidentiary hearing, Gillum testified that the original forms he handed to Trice and McClaurin on October 16, 2013, contained second pages. He said the details regarding the claims in Counts 2 and 4 were outlined on the second pages. This testimony was not credible. It is incongruent with the forms on file, which contain closing language (Thank you for your time) and include comments strongly suggesting

3

that the entire request is contained on the first page. Gillum's testimony about an original second page also conflicts with a portion of defendant Trice's affidavit, which states that Gillum did not hand him a captain's request for a special diet (Doc. No. 35-2, p. 2).

At some point, defendant McClaurin returned the October 16, 2013, form to Gillum and verbally informed him that his grievance was denied.

The persuasive evidence demonstrates that Gillum did not exhaust by following the jail's administrative remedy procedure. When he submitted his grievance form to the shift supervisor on September 17, 2013, he bypassed the first step in the process and attempted to begin at the second, formal step. Because Gillum neglected to first submit a captain's request, the September 17, 2013, grievance was returned without a decision on the merits. The evidence does not persuasively show that Gillum cured that procedural error by going back and completing the first step by submitting a captain's request presenting the particular concerns reflected in Counts 2 (insufficient exercise) or Count 4 (a special diet). In sum, the defendants have carried their burden of proof on their affirmative defense.

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 35, 36) be GRANTED as follows. Count 2 against defendant Trice and Count 4 against defendants Trice, McLaurin, and Robinson-Davis should be dismissed without prejudice for failure to exhaust administrative remedies. If this recommendation is adopted, no claims will remain for a decision.

**SUBMITTED: May 4, 2015**

        **s/Philip M. Frazier**
        **PHILIP M. FRAZIER**
        **UNITED STATES MAGISTRATE JUDGE**