IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORTEZ D. GILLUM,

      Plaintiff,

vs.

RICHARD WATSON, et al.,

      Defendants.

Case No. 14-cv-546-SMY-PMF

**MEMORANDUM AND ORDER**

      This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 57) of Magistrate Judge Philip M. Frazier recommending this Court grant Defendants' Motion for Summary Judgment (Doc. 35) and Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 36). In his Objection to the R & R, Plaintiff states he followed all procedures for administrative review of his denied grievances and that there are issues of material fact regarding his claim under the Eighth Amendment (Doc. 60).

      The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Plaintiff filed an objection to the R & R, the Court will review the record *de novo*.

      Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997e(a). That statute states, in pertinent part, that "no action shall

be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion"). Therefore, exhaustion is a condition precedent to filing a claim in federal court, so the inmate must exhaust before he commences his federal litigation. See *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Perez v. Wisconsin Department of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). If the inmate fails to exhaust before filing suit in federal court, the district court must dismiss the suit (or dismiss any claims not fully exhausted). See *Jones v. Bock*, 549 U.S. 199, 223 (2007); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). Although dismissal is the procedural step the district court takes if a plaintiff failed to exhaust prior to filing suit, the issue of exhaustion most often is raised via summary judgment motion, so that the Court can consider evidence "outside the pleadings," such as affidavits, grievances, responses, appeals, and related documentation. See Fed. R. Civ. P. 12(d); 56.

Exhaustion-based dismissals are made without prejudice. *Burrell*, 431 F.3d at 285, citing *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice…"), and *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("all dismissals under § 1997e(a) should be without prejudice"). Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006).

When exhaustion of administrative remedies is contested in prisoner litigation, a district judge first conducts a hearing in accordance with *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).

> (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits.

*Pavey*, 544 F.3d at 742. The Court is permitted to make findings of fact and credibility assessments of witnesses at the evidentiary hearing, and credibility determinations will not be disturbed on appeal unless they are completely without foundation and made in clear error. *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564 (1985); *United States v. Norris*, 640 F.3d 295 (7th Cir. 2011)).

At the time of the events alleged in his Complaint, Plaintiff was housed at the St. Clair County Jail. The grievance procedure at the jail is best understood as a 3-step process. Before initiating the formal grievance process, the detainee must provide the Captain with a "Captain's Request." This is done using a form entitled "St. Clair County Sheriff's Department Request – Complaint Form." If the request is not resolved via action on the Captain's Request, the detainee submits a formal grievance to the shift supervisor. This second step is initiated with a form titled "Detainee Grievance Form." Those forms have 3 sections: a space for the detainee to describe the nature of his grievance, a space for a description of the action/response, and a space for

signatures by the detainee and the shift supervisor. The third and final step is for the detainee to submit the same grievance form to the assistant jail superintendent through the on-duty shift supervisor.

On September 17, 2013, Gillum submitted a "Detainee Grievance Form" to the shift supervisor (Doc. No. 41, pp. 18-20). In the grievance, he complained that he had been deprived of an opportunity to go to the gym for physical exercise (as described in Count 2) and that he had not received the special diet he requested (as described in Count 4) from Dr. Larson and others. On the same day, a shift supervisor signed the grievance and sent a copy to a nurse (Doc. No. 41, p. 18).

Early in October, 2013, Plaintiff verbally discussed his concerns with Defendant Trice. At approximately the same time, someone provided Plaintiff with a copy of the September 17, 2013 grievance form and explained that he needed to go back and start at the first step by turning in a captain's request. On October 16, 2013, Plaintiff handed one "Request-Complaint" form to Defendant McClaurin. He handed a duplicate of the form to Defendant Trice (Doc. Nos. 35-2, pp. 24-26). Neither form describes the events alleged in this litigation.

At the evidentiary hearing, Plaintiff testified that the original forms he handed to Trice and McClaurin on October 16, 2013 contained second pages. He further testified that the details regarding the claims in Counts 2 and 4 were outlined on the second pages. However, based upon a review of the forms on file, which contain closing language (Thank you for your time) and include comments strongly suggesting that the entire request is contained on the first page, his testimony was not held to be credible. Plaintiff's testimony about an original second page also conflicts with a portion of defendant Trice's affidavit, which states that Plaintiff did not hand him a captain's request for a special diet (Doc. No. 35-2, p. 2).

Plaintiff did not exhaust his remedies by following the jail's administrative remedy procedure. When he submitted his grievance form to the shift supervisor on September 17, 2013, he bypassed the first step in the process and attempted to begin at the second, formal step. Because Plaintiff neglected to first submit a captain's request, the September 17, 2013, grievance was returned without a decision on the merits. Plaintiff did not cure the procedural error by completing the first step of submitting a captain's request presenting the particular concerns reflected in Counts 2 (insufficient exercise) or Count 4 (a special diet).

Accordingly, the Court **ADOPTS** the R & R (Doc. 57) and **GRANTS** Defendants' Motions as follows: Count II against Defendant Trice and Count IV against Defendants Trice, McLaurin, and Robinson-Davis are **DISMISSED without prejudice**.  Defendants' Motions for Summary Judgment (Docs. 50 & 52) are **DENIED** as moot.  Defendant Robinson-Davis's Motion to Substitute Affidavit (Doc. 54) is **DENIED** as moot.  Plaintiff's Motion for Extension of Time to File Response (Doc. 58) and Motion to Appoint Counsel (Doc. 59) are **DENIED** as moot. As no further claims remain pending, the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:**  6/16/15

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
